## A. J. Schlager *v.* Edwin E. Teal and Charles Schlager, Appellants.

*Principal and surety—Extension of time—Discharge of surety.*

A surety on a judgment note is not discharged by the debtor giving to the creditor a promissory note for the same debt, extending the time of payment, if it is expressly agreed between the debtor and creditor that the giving of the promissory note shall not in any manner impair the judgment note, or extend the time for its payment.

Argued March 17, 1898.    Appeal, No. 61, Jan. T., 1898, by Charles Schlager, one of the defendants, from order of C. P. Susquehanna County, Nov. T., 1896, No. 178, discharging a rule to open a judgment as to part.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Rule to open judgment.

The facts appear by the opinion of SEARLE, P. J., which was as follows:

This judgment was entered upon a sealed note containing

confession of judgment signed by Edwin Ernest Teal, Charles Schlager and Charles Schlager, dated February 1, 1889, payable three years after date, given for $5,000.

Upon it indorsements as follows :

Feb. 1, 1890, received on within $300 interest for one year.

Feb. 1, 1891, received on within $300 interest for one year.

Feb. 1, 1892, received on within $300 interest for one year.

Feb. 1, 1893, received on within $300 interest for one year.

July 1, 1893, received on within $125 interest to July 1, 1893.

The judgment was entered September 24, 1896, upon a præcipe directing judgment to be entered for $4,337.50 with interest from July 19, 1896.

The evidence shows that the note upon which this judgment was entered was given by E. E. Teal in lieu of a note of same amount held by said A. J. Schlager signed by said Teal which was taken up; that Charles Schlager, a resident of Binghamton, N. Y., and Charles Schlager a resident of Scranton, Pa., both signed said note as sureties; that shortly after the giving of said note Charles Schlager of Binghamton, died; that the plaintiff A. J. Schlager is one of the executors of the will of the said Charles Schlager, who was his brother.

February 18, 1887, said E. E. Teal and wife assigned to said A. J. Schlager two endowment policies on the life of said E. E. Teal, one for $2,000 and one for $3,000. The terms of said assignment were as follows :

" In trust, first to pay himself any indebtedness to him from Edwin E. Teal, the insured, existing when the policy becomes a claim, and secondly to pay the remainder, if any, to the said Edwin E. Teal, his executors, administrators or assigns, with full power to said trustee to surrender said policy to the said company, if said company consents thereto for paid up insurance," etc.

At the time these policies were assigned to said A. J. Schlager he held the promissory note of said E. E. Teal for which the note upon which this judgment was entered was given, and said policies were assigned by said Teal as collateral to said indebtedness. At the time said Charles Schlager of Binghamton and Charles Schlager of Scranton, signed the note, as sureties, upon which this judgment was entered they knew that these policies

had been assigned to said A. J. Schlager as security for the indebtedness, and never consented to the appropriation by A. J. Schlager of the proceeds of the surrender of the same to the payment of other indebtedness of said Teal to said Schlager.

In the spring of 1896, E. E. Teal, being insolvent, and being indebted to said A. J. Schlager to the amount of $1,500 in excess of the indebtedness represented by the note upon which this judgment was entered, by an arrangement between said A. J. Schlager and said Teal, $1,316 was obtained upon the policies from the insurance company and applied upon this $1,500 indebtedness without the knowledge or consent of said sureties, and this indebtedness of said Teal to Schlager of $1,500 having been contracted subsequent to the maturity of the note upon which judgment was entered.

On June 28, 1893, subsequent to the maturity of this judgment note, A. J. Schlager wrote to said Ernest E. Teal as follows:

" Dear Ernest: I ought to have written you before but have been away from home and so have not reached it. The facts of the case are that I have got to raise $5,000 by the first of July. Would have your note to me for that amount discounted except that I cannot as it is overdue. Now will you send me your note dated July 1, due in four months with a good endorser and I will return the note that I have, or you can send me your note without an endorser and I will continue to hold the note that I have as collateral with an agreement that when either is paid the other is to be surrendered. Make the note four months with interest as I cannot use longer paper and when it comes due if necessary it can be renewed. Please attend to this at once so that I can get it in time.

" Yours truly,

" (Signed) A. J. SCHLAGER."

In answer to this proposition E. E. Teal sent his promissory note for $5,000, dated July 1, 1893, payable to the order of A. J. Schlager, at the Binghamton Trust Company, Binghamton, N. Y., four months after date. This note was indorsed by said A. J. Schlager and discounted at the City National Bank of Susquehanna. This note was renewed from time to time by note of E. E. Teal for same amount, Teal paying the

interest on same until November, 1895, when the last $5,000 note was taken up by notes of Teal, one $4,000, due four months, one $500 due ninety days, one $500 due sixty days. The $500 note due sixty days was paid by Teal. The other $500 note when due was taken up by two notes of Teal each for $250, one payable twenty-five days, the other thirty-five days. February 17, 1896, the $250 note payable in twenty-five days was paid by Teal. The other $250 note was renewed February 25 and afterwards, together with the $4,000 note paid by A. J. Schlager. The $750 represented by the $500 note and the $250 note both having been paid by Teal were deducted from the note upon which judgment was entered by the præcipe directing judgment to be entered for $4,337.50. The note upon which judgment is entered shows indorsements of interest to July 1, 1893. The præcipe directing judgment to be entered for $4,337.50 would indicate not only a credit of the $750 paid by those notes but also a credit of interest to July 19, 1896, as paid by the payments of interest on this $5,000 promissory note of Teal's at its several renewals. There is no evidence that either of the securities had knowledge of the giving and renewals of these promissory notes by E. E. Teal to A. J. Schlager and it must be taken as a fact that they had no knowledge of the same.

A. J. Schlager testified that "it was distinctly agreed between Mr. Teal and myself that the giving of this bank note should not in any manner impair the judgment note, but that this should be collateral to the judgment note. I have never agreed to extend the time of payment of the judgment note in any manner, nor have I done anything that would prevent me from proceeding to collect said note at any time, had Charles Schlager requested or notified me to collect the money due on it."

Mr. Charles Schlager testified that he had no knowledge of the giving of these promissory notes or of any extension of time.

Mr. E. E. Teal testified in answer to question, as follows, regarding giving of promissory note July 1, 1893:

"Q. The first promissory note of July, 1893. State whether that was given as an extension of the time of payment of note February 1, 1889. A. It was given for that loan. Q. Well, it extended the time of payment, did it not? A. Yes, sir."

The learned counsel for defendants claimed that the sureties upon this judgment note were released; first, by reason of the acceptance by plaintiff of the note of the principal, E. E. Teal, for the same amount, dated July 1, 1893, due in four months; the discounting of the same and the subsequent renewals, taken in connection with the letter of plaintiff to Teal, dated June 28, 1893, and the testimony of E. E. Teal as above; second, that plaintiff having received the assignment of the endowment policies upon the life of said Teal as collateral to the indebtedness secured by the judgment note, and having afterwards received on account of the same $1,316, the sureties are discharged pro tanto.

Counsel for plaintiff claimed that plaintiff never agreed to extend the time of the note upon which judgment was entered, and that he accepted the note of July 1, 1893, and its subsequent renewals upon the express agreement that it should not in any manner impair the judgment note, but that it should be collateral to the judgment note; also that the assignment of the endowment policies was as expressed in the written assignment upon the same,. "in trust to pay himself any indebtedness to him existing when the policy becomes a claim," and that the plaintiff had a right to appropriate the avails of said policies to any debt of the assignor Teal, and that the sureties in this judgment note were not prejudiced thereby.

In Hagey v. Hill, 75 Pa. 110, it was held that an extension of time by a valid agreement between the creditor and principal will, as a general rule, discharge the indorser, but that if the agreement for delay expressly saves and reserves the right of the holder in the intermediate time against the indorser it will not discharge the latter, and this when the agreement was made without the knowledge of the indorser. If the creditor gives time without reserving the right to pursue the indorsers he discharges them. The agreement to pay usurious interest before a note becomes due, or the payment made subsequent to the maturity of a note, is not sufficient consideration for a contract to give further time and will not discharge a surety: Hartman v. Danner, 74 Pa. 36. To discharge a surety there must be an agreement to extend the time of payment which is enforceable against the plaintiff: Shaffstall v. McDaniel, 152 Pa. 598.

E. E. Teal the principal defendant testified in this case.    No-

where in his testimony is there any mention of an agreement on the part of the plaintiff to extend the time of payment of this note other than as set forth in the letter of plaintiff of June 28, 1893. In answer to a question by his counsel of whether the note of July 1, 1893, was given as an extension of time of payment of note of February 1, 1889, he replied, " It was given for that loan." And in answer to the question, " Well, it extended the time of payment did it not? " he replied, " Yes, sir." The plaintiff testified not only that there was no agreement to extend the time of payment, but also " that it was distinctly agreed between Mr. Teal and myself that the giving of this bank note should not in any manner impair the judgment note." Under the rules applicable to the weight of evidence necessary to open judgments I do not think that there is sufficient evidence to authorize the opening of this judgment upon the ground that Charles Schlager the surety has been discharged from liability by the giving of the promissory note and renewals thereof to A. J. Schlager by E. E. Teal under the circumstances established by the evidence.

As to the surrender of the endowment policies upon the life of E. E. Teal held by A. J. Schlager, while the written assignments show that they were to pay any indebtedness of Teal to Schlager existing when the policies became a claim, it is an undisputed fact that when they were assigned to A. J. Schlager the only indebtedness of Teal to Schlager was the $5,000 for which this judgment note was subsequently given; that the sureties signed the note with knowledge that A. J. Schlager held these policies as collateral to the indebtedness of which they became sureties, and that they never consented to the appropriation of this collateral to the payment of other debts of the principal Teal. They were entitled to have the money received upon the endowment policies applied upon the note for which they were sureties. Plaintiff admits that he received upon the endowment policies $1,316, July 31, 1896. The sureties are therefore entitled to have this judgment opened as to this amount.

It is therefore ordered that the judgment in this case be opened as to Charles Schlager and he be let into a defense to the amount of $1,316 and interest thereon from July 31, 1896, and that the rule to show cause be discharged as to the remainder of the judgment.

*Error assigned* was the order of the court.

*Everett Warren*, with him *Edward N. Willard* and *Henry A. Knapp*, for appellant.—An agreement for a consideration of time without the surety's consent will release the surety: Brooks v. Wright, 13 Allen, 72; Gipson v. Ogden, 100 Ind. 20; Hubbard v. Gurney, 64 N. Y. 457; Riddle v. Thompson, 104 Pa. 330; Siebeneck v. Bank, 111 Pa. 187; Boring's App., 9 Cent. Rep. 394; Hartman v. Danner, 74 Pa. 36; Shaffstall v. McDaniel, 152 Pa. 598; Okie v. Spencer, 2 Wharton's Rep. 253; Couch v. Waring, 9 Conn. 261; Byles on Bills, 252; Edwards on Bills and Notes, *568; 2 Randolph on Commercial Paper, sec. 960; 2 Daniel on Negotiable Instruments (4th ed.), 335; Weakly v. Bell, 9 Watts, 283; Leigh v. The Church, 39 Pa. 226; Buck v. Wilson, 113 Pa. 423; Hutchinson v. Woodwell, 107 Pa. 509; Rees v. Berrington, 2 Vesey, 540; Fellows v. Prentiss, 3 Denio, 512; Bangs v. Mosher, 23 Barber, 478; Myers v. Welles, 5 Hill, 463; Stedman v. Gooch, 1 Espinasse, 3, (opinion by Lord Kenyon); Walton v. Mascall, 13 Meeson and Welsby's Reports, 452; Kendrick v. Lomax, 2 Crompton and Jervis' Reports, 405; Thomas v. Dow, 33 Maine, 390; Phillips v. Rounds, 33 Maine, 357; Bank v. Mallett, 42 Maine, 349 and 34 Me. 547.

When a creditor has in his hands the means of paying his debt and does not use it, but gives it up, the surety is discharged as far as the security surrendered would have reached to pay: Everly v. Rice, 20 Pa. 297; Wharton v. Duncan, 83 Pa. 40; Fegley v. McDonald, 89 Pa. 128; Bank v. Henninger, 105 Pa. 496.

*A. H. McCollum*, of *McCollum & Smith*, for appellee. —That the court cannot open a judgment upon the unsupported testimony of the defendant, where contradicted by the plaintiff, is settled in many cases: Lomison v. Faust, 145 Pa. 8; English's App., 119 Pa. 534; Barton's App., 5 Cent. Rep. 459; North & West Branch Ry. v. Swank, 105 Pa. 555; Zaring v. Earley, 2 Pearson, 352.

Giving time, and a contract to give time, are distinct and independent things: Brubaker v. Okeson, 36 Pa. 522; Peoples' Bank, etc., v. Legrand, 103 Pa. 309; Hutchinson v. Woodwell, 107 Pa. 520; Miller v. Stem, 2 Pa. 288; United States v.

Simpson, 3 Penrose & Watts, 437; Greenawalt v. McDowell, 65 Pa. 464; Hagey v. Hill, 75 Pa. 109; Hartman v. Danner, 74 Pa. 36; Shaffstall v. McDaniel, 152 Pa. 598.

The law is perfectly well settled, that nothing short of a binding agreement, a contract that can be enforced upon a sufficient consideration, to extend the time of payment for a definite time will release a surety: Cope v. Smith, 8 S. & R. 112; Siebeneck v. Anchor Savings Bank, 111 Pa. 187.

PER CURIAM, April 4, 1898:

This was a rule to show cause why the judgment in question should not be opened and Charles Schlager, one of the defendants, let into a defense. After a careful consideration of the evidence presented by the parties, the learned judge of the court below "ordered that the judgment . . . . be opened as to Charles Schlager and he be let into a defense to the amount of $1,316, and interest thereon from July 31, 1896, and that the rule to show cause be discharged as to the remainder of the judgment." From that decree Charles Schlager appealed and assigns as error the refusal of the court "to open judgment in its entirety as to" him. The only question therefore is whether the appellant was entitled to further relief than that granted him by the above recited order. Our consideration of the evidence has satisfied us that he was not.

The conclusion embodied in the decree of the court below is correct, and the decree is accordingly affirmed and appeal dismissed at appellant's costs.